UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA BRAGG,

        Plaintiff,

v.                          Case No. 8:16-cv-139-T-33TBM

SUNTRUST BANK,

        Defendant.

**ORDER**

This cause comes before the Court sua sponte. For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action pursuant to 28 U.S.C. § 1447(c).

## I.  **Background**

On December 21, 2015, Brenda Bragg filed a complaint against SunTrust in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida under the Florida Civil Rights Act of 1992, as amended, §§ 760.01. (Doc. # 2). The Complaint alleges that SunTrust wrongfully denied Bragg employment opportunities based on her age. (Id. at ¶¶ 14-17).

On January 20, 2016, SunTrust removed the case to this Court on the basis of diversity of citizenship. (Doc. # 1). On February 12, 2016, the Court held a Case Management

Hearing, at which the Court asked SunTrust whether the dispute met the amount in controversy requirement under 28 U.S.C. § 1332. Based on SunTrust's response to the Court's inquiry, the Court entered an Order on February 17, 2016, directing SunTrust to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Doc. # 13). On February 29, 2016, SunTrust responded to the Court's Order to Show Cause. (Doc. # 16).

## II. <u>Legal Standard</u>

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it facially apparent that the amount in controversy exceeds $75,000. <u>Williams v. Best Buy, Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look

to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

It is undisputed that the parties here are diverse. SunTrust is a Georgia corporation with its principal place of business in Georgia, whereas Bragg is a citizen of Florida. (Doc. ## 1 at 2-3; 2 at ¶¶ 2-3). The only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

Bragg has not specified the precise amount of damages sought in the lawsuit, instead alleging damages in excess of $15,000 for violations of the Florida Civil Rights Act. (Doc. # 2 at ¶ 1). Where, as here, "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

III. **Analysis**

SunTrust's Notice of Removal posits that the amount in controversy is met because the relevant back pay exceeds $75,000. (Doc. # 1 at 3-4). SunTrust also submits that in adducing the amount in controversy, the Court may consider Bragg's request for front pay, compensatory damages, and attorney's fees. (Id. at 4-5).

A. **Back Pay**

At the time of her separation from employment at SunTrust, Bragg's annual salary was $29,294.40. (Doc. # 1 at 3). SunTrust estimates that Bragg's back pay "would be approximately $80,559.60," calculating this number from the date Bragg's employment terminated to a hypothetical date of trial. (Id. at 4). At the Case Management Hearing, SunTrust added that, because the Court scheduled the case for the April, 2017, trial term, the total back-pay up to that date would be approximately $90,000.

This Court previously held in Sheehan v. Westcare Found., Inc., 8:12-cv-2544-T-33TBM, 2013 U.S. Dist. LEXIS 9027, at *3 (M.D. Fla. Jan. 23, 2013), that for

jurisdictional purposes, back pay should be determined to the date of trial. However, upon further reflection, the Court believes that back pay should be calculated only to the date of removal.

The reason for this is simple: the amount in controversy needs to be determined at the time the case is removed. See, e.g., Williams, 269 F.3d at 1319. "[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiff[] will likely recover." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010)(emphasis in original). "Even if a court could 'deduce, infer, or extrapolate' post-removal back-pay, that back pay is not 'in controversy' at the time of removal." Davis v. Tampa Ship, LLC, No. 8:14-cv-651-T-23MAP, 2014 U.S. Dist. LEXIS 73937, at *4 (M.D. Fla. May 30, 2014).

SunTrust's calculation of back pay up to the date of trial is unduly speculative. Although the Court set this case for trial in April, 2017, it is possible - if not probable - that this employment action will reach a resolution without trial. See Davis, 2014 WL 2441900, at *5.

5

The Court cannot base its jurisdiction on the calculation of back pay up to the date of a trial that may never occur.

Excluding post-removal back-pay, SunTrust has only provided that Bragg's "back pay damages at the time of filing her Complaint were approximately $51,265.20," (Doc. # 1 at 4). SunTrust acknowledges that "[c]onsidering back-pay only to the date of removal . . . it is not able to establish back-pay in excess of $75,000." (Doc. # 16 at 4).

**B. <u>Front Pay</u>**

In addition to back pay, SunTrust asserts that the Court may factor Bragg's claim for front pay into the amount in controversy. (Doc. # 1 at 4). SunTrust submits that one year in front pay would add another $29,294.40 to the amount in controversy. (<u>Id.</u>) However, speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement. <u>See</u> <u>Snead v. AAR Mfg., Inc.</u>, No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla. Oct. 6, 2009)(finding that "Defendant's calculations regarding front pay . . . are pure speculation"). Thus, the Court declines to augment the

amount in controversy by using speculative front pay estimations.

### C. __Compensatory Damages__

In addition to back and front pay, SunTrust asserts that Bragg's request for compensatory damages should be considered in the amount in controversy. (Doc. # 1 at 5). Neither party has provided an estimation of those damages. SunTrust's argument that Bragg's request for compensatory damages "can be reasonably anticipated to exceed $75,000" is unduly speculative. (Doc. # 1 at 5).

SunTrust cites to three prior employment discrimination cases in which plaintiffs were awarded damages in excess of $75,000 for mental anguish, (__Id.__), but does not explain why that amount would be awarded in *this* case. Because SunTrust can only speculate as to potential compensatory damages, the Court need not consider those damages in its analysis of whether the jurisdictional requirement has been met. __See__ __Golden v. Dodge-Markham Co., Inc.__, 1 F. Supp. 2d 1360 (M.D. Fla. 1998)(determining that the compensatory damages were

too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount).

### D. **Punitive Damages**

SunTrust states in its response to the Court's Order to Show Cause that "[t]he Court has not addressed Defendant's arguments regarding . . . punitive damages." (Doc. # 16 at 5). However, SunTrust has failed to provide any evidence concerning punitive damages, despite the Court's giving SunTrust the opportunity to do so. Because SunTrust has made no effort to meet its burden of proving the amount of punitive damages in controversy, the Court cannot include punitive damages in the jurisdictional calculus.

### E. **Attorney's Fees**

Finally, while the Florida Civil Rights Act gives this Court the discretion to award attorney's fees to a prevailing party, SunTrust has not provided this Court with any information necessary to calculate the attorney's fees that Bragg has accrued. As explained in Keller v. Jasper Contractors Inc., "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy."

No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015). In its Notice of Removal, SunTrust alleged only that Bragg may be awarded "reasonable attorney's fees." (Doc. # 1 at 5).

SunTrust was first put on notice that the amount in controversy may be jurisdictionally deficient at the Case Management Hearing on February 12, 2016. The Court again reminded SunTrust of its burden of proving the amount in controversy, including attorney's fees, in its Order to Show Cause. (Doc. # 13 at 4). Notwithstanding being placed on notice, SunTrust has not provided the Court with any calculation of attorney's fees. (See Doc. # 16). Accordingly, the Court cannot factor attorney's fees into the jurisdictional determination.

## IV. <u>Conclusion</u>

Federal jurisdiction is limited, removal statutes are construed narrowly, and uncertainties are resolved in favor of remand. <u>Burns</u>, 31 F.3d at 1095. SunTrust, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy is in excess of $75,000.

Therefore, the Court remands this case to the Tenth Judicial Circuit, in and for Polk County, Florida. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This case is remanded to the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. After remand has been effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of March, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE